McKinney, J.,
delivered the opinion of the Court.
This was an action of assumpsit to recover damages for the non-delivery of part of a quantity of flour, bargained and sold by the defendant to the plaintiff. The plaintiff failed to recover, under the instructions of the Court, and he has prosecuted an appeal in error to this Court.
The contract was in writing, and signed by the parties. The questions for our determination, arise upon the following clause of the agreement:
“ The said flour is to be ’ delivered in Chattanooga; one hundred barrels, or more, on the first tide, and the balance as soon as convenient, between now and the first of June.”
The contract bears date, the 22d of November, 1854. Part of the flour — two hundred barrels, perhaps — was delivered in March, 1854; the remainder of the flour was never delivered.
To a correct understanding of the questions discussed in the argument here, it is necessary to state, that the defendant, Spurgin, resided on the Holston river, in Sullivan county, Tennessee; and the plaintiff resided on *683 tbe Tennessee river, at Cbattanobga, in tbe same State. And that, in Sullivan county, tbe customary mode of transporting flour to market, by persons engaged in tbe trade, at tbe date of tbe contract, was by tbe river, in flat boats; and that tbe Holston river, at its ordinary stages, is not navigable;and, consequently, that flour boats cannot descend without a rise, or fresbet, in tbe river.
Tbe ground of defense to tbe action, in substance, is, that tbe defendant was hindered from delivering tbe remainder of tbe flour, for want of a sufficient rise in the river to admit tbe safe passage of boats, within tbe period limited by the contract.
For tbe plaintiff, it is insisted, that if tbe fact were admitted to be so, it would constitute no defense. That, as tbe written contract of tbe parties specifies no particular mode of delivery, and as tbe undertaking to deliver, by a given day, is absolute and unconditional, tbe matters relied on by tbe defendant, form no excuse, in law, for tbe non-performance of his contract. And that tbe evidence of tbe custom or usage of trade, in such cases, and also of tbe want of a rise in tbe river to admit tbe descent of flour boats, was irrelevant, and ought to have been rejected by tbe Court.
His Honor, tbe Circuit Judge, was of opinion, that evidence of tbe local custom, in such cases, was admissible ; and that tbe contract must be construed with reference to such custom. His Honor was likewise of opinion, that tbe want of a fresbet, sufficient to admit tbe safe. passage of flour boats down the. Holston and Tennessee rivers, would be a valid excuse for tbe nondelivery of tbe flour by tbe defendant, within tbe time *684 specified in the contract; and would defeat tbe plaintiff’s right of recovery.
Upon the first proposition, we concur in opinion with the Circuit Judge.
It seems to be well established, that evidence of a custom, or usage of trade, is admissible, either to interpret the meaning of the language of the contract; or to ascertain the nature and extent of the contract, in the absence of express stipulations, and where the meaning is equivocal or obscure. 1 Greenleaf’s Ev., sec. 292. And this is regarded as no infringement of the rule, which forbids the admission of parole evidence to contradict or vary a written contract, because, to such custom, as well as to the lex loci, the parties are supposed to refer in making their contract. Ibid.
In Parsons on Contracts, (vol. 2d, p. 49,) it is laid down, that “ If parties enter into a contract, by virtue whereof something is -to be done by one' or both, and this thing is often done in their neighborhood, or by persons of like occupation with themselves, and is always done in a certain way; it must be supposed that they intended it should be done in the same way.” “ Hence, an established custom may add to a contract stipulations not contained in it, on the ground that the parties may be supposed to have had these stipulations in their minds as part of their agreement, when they put upon paper, or expressed in words, the other part of it.”
It is certainly true that usage, or custom, cannot be admitted in contravention of the express terms of the contract; but where the contract is silent, and there is nothing to exclude the inference, the parties *685 are always presumed to contract in reference to the usage or custom which prevails • in the ..particular trade or business to which the contract relates. The universal rule, that the meaning and intention of the parties is to govern in the construction of the contract — if not inconsistent with the rules of law — would seem to sanction the admissibility of such evidence, in aid of the construction of the contract. And it may be remarked, that if there were nothing else in the case to guide us in the construction of the contract, the fact, that by the express stipulation of the parties, the mode of delivery of the first “ hundred barrels, or more,” was to be by the river, furnishes almost conclusive evidence of the understanding and intention of the parties, that the remainder of the flour' should be delivered in the same way, no other mode being indicated. Upon this point, we think there is no error.
But, upon the second proposition of the Circuit Judge, we differ in opinion with him.
The question, how far a party shall be excused for the non-performance of an act which he may have engaged to perform, is admitted to be, in many cases, one of no little difficulty. It seems to be well settled, that if performance becomes impossible by the act of God, that is, by a cause which cannot be attributed to the party bound to do the act; and the impossibility, which hindered performance, was not among the probable contingencies which a man of ordinary prudence should have foreseen and provided for, the non-performance will be excused. But if the performance becomes impossible by contingencies which should have been foreseen, and provided against in the contract, the party will not be *686 excused; fox' it was bis own folly that be did not, by bis contract, exempt bimself from responsibility in sucb contingencies. Parsons on Con., 2 yol. p, 184-5; 2 Sneed, 362-371; Cbitty on Con., 734.
Applying1 these principles to tbe case under consideration, we are of opinion, that it is no excuse for tbe defendant, that a fresbet did not occur within tbe time stipulated for tbe delivery of tbe flour. This was a matter of uncertainty, for wbicb tbe defendant ought to have provided in bis contract. In omitting to do so, be took tbe risk, upon bimself, and must abide tbe consequences. He cannot be admitted to show, as an excuse, or defense, that it was tbe custom, in sucb cases, to give longer time for performance, as has been argued; for this would be to contravene tbe written contract, which fixes a certain time for tbe delivery.
Upon this point, there is error in tbe instruction of tbe Court, for wbicb tbe judgment must be reversed, and a new trial granted.